UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JORGE RODRIGUEZ-LUCA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 3:01-CR-151-RLJ-HBG-3 |
| | ) | 3:16-CV-243-RLJ |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# **ORDER**

On May 13, 2016, this Court received Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Docs. 161, 165]. He bases the request on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*].

Before the Court is Federal Defender Services of Eastern Tennessee's (FDSET) request to defer resolution of the petition until it can file a supplemental brief addressing the impact of *Beckles v. United States*, 136 S. Ct. 886 (2017) [Doc. 172]. Specifically, FDSET asks for "at least a two month continuance" to allow their office to "coordinate with other Federal Defender offices as well as national experts" regarding what, if any, impact the *Beckles* decision has on challenges to Guidelines enhancements imposed before *United States v. Booker*, 543 U.S. 220 (2005) [*Id.*].

While the Court agrees that additional briefing on the identified topic would be beneficial, it does not believe that FDSET needs two full months to provide that briefing. In fact, aside from expressing a need to coordinate with other offices and subject matter experts, FDSET has not provided this Court with any explanation for the significant duration of the requested continuance. Given the nature and complexity of the issues, the Court finds a shorter extension to be appropriate.

The request to defer [Doc. 172] is **GRANTED IN PART** so far as it seeks an extension of time to file a supplemental brief, but **DENIED IN PART** so far as it seeks two full months in which to do so. The briefing schedule is as follows: appointed counsel is **DIRECTED** to submit either (1) a brief addressing what, if any, impact the *Beckles* decision has on Petitioner's *Johnson*-based challenge to a Guidelines enhancement imposed prior to the *Booker* decision or (2) notice that no such supplement will be forthcoming on or before May 11, 2017; should it want to respond, the United States is **DIRECTED** to file that response on or before May 31, 2017.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge